# LOUIS E. JOY v. E. J. KOCH.[1]

### June 11, 1909.

### Nos. 16,164—(111).

**Sunday Contract.**

> The question being as to whether a certain contract was made on Sunday
> or on a subsequent secular date, it is *held* that the evidence sustains the find-
> ing of the jury that the contract in question was not made on Sunday.

Action in the district court for Hennepin county to recover $2,000
damages for failure to perform a written contract. The substance
of the answer is stated in the second paragraph of the opinion. The
case was tried before John Day Smith, J., and a jury which returned
a verdict in favor of plaintiff for $2,052.66. From an order denying
defendant's motion for judgment notwithstanding the verdict or for
a new trial, he appealed. Affirmed.

*James A. Peterson* and *Edgar L. Wood,* for appellant.

*Wilson & Mercer,* for respondent.

ELLIOTT, J.

In this action Louis E. Joy sought to recover damages from E. J.
Koch for the breach of a certain written contract alleged to have been
made and entered into on October 7, 1907. By the terms of the writ-
ing Joy agreed to sell to Koch fifty-one shares of the capital stock
of the McVoy-Joy Manufacturing Company on the terms and condi-
tions expressed therein. It was provided that on the signing of the
contract Joy should deliver to Koch twenty-one shares of stock of the
said company, and that Koch should deliver to Joy his promissory
note for $1,060, due in ten days, and that on the maturity and pay-
ment of this note Joy should deliver thirty additional shares of stock,
and receive two promissory notes, for $1,000 each, due in sixty and
seventy days, respectively. It is alleged in the complaint that the

[1]Reported in 121 N. W. 634.

twenty-one shares and the note for $1,060 were delivered; that the defendant had refused to pay the note; that the twenty-one shares had been retained by the defendant; that the defendant had refused to give the two notes, for $1,000 each, although the thirty shares of stock had been tendered; and that by reason of such refusal the plaintiff had been damaged in the sum of $2,000.

The answer admitted the execution of the contract, but alleged that it was made and entered into on October 6, 1907, which was Sunday, instead of October 7, 1907. It admitted that the twenty-one shares of stock and the note for $1,060 were delivered, and that the note had not been paid. It alleged that prior to the commencement of the action the shares of stock were tendered back to the plaintiff, and that they have ever since been held subject to his order and demand. It also admitted that the defendant refused to carry out the contract, and as reasons therefor alleged (1) that the contract was entered into on Sunday in the state of Wisconsin, in violation of the statutes of that state, and that it is therefore invalid; (2) that the defendant was induced to purchase the stock and sign the contract by the false representations made by the defendant as to the amount of the indebtedness of the McVoy-Joy Manufacturing Company; (3) that the plaintiff is not the owner of fifty-one shares of stock, and that one of the twenty-one shares for which the certificate was issued had been fraudulently issued and was void.

The reply alleged that, although negotiations were made between the parties on Sunday looking to an agreement, the contract was not finally consummated until on a later and secular date; that the contract related to the transfer and sale of personal property situated in the state of Minnesota; and that it had been ratified and affirmed in all respects on a subsequent secular date. The other allegations of the answer are put in issue by denials.

The trial court found in favor of the plaintiff, and the defendant appealed from an order denying his motion for judgment notwithstanding the verdict or for a new trial.

The assignments of error are quite numerous; but they are all directed to but three questions: (1) The alleged illegality of the contract, because made on Sunday; (2) instructions of the court

with reference to a subsequent ratification; and (3) the ruling upon certain evidence which was designed to show that the company had never received any consideration for the issue of one of the shares of stock. As we read this record, it is only necessary to consider one question, and that was disposed of by the jury when it answered a special interrogatory submitted by the court.

The written contract was dated on October 7, 1907, which was Monday; but the defendant offered evidence tending to show that the contract was actually entered into on the previous day, which was Sunday. The court submitted the question of subsequent ratification to the jury under general instructions; but it also asked the jury to determine specifically when the contract was made, and the answer to that question renders the matter of ratification of no importance. If the contract was in fact not made on Sunday, the defense is, of course, disposed of. The court submitted the following special interrogatory to the jury:

"Q. Was there any contract entered into between plaintiff and defendant for the sale of the stock in question at any time excepting on Sunday? A. Yes."

The question, then, is whether there is any evidence to sustain this finding of the jury. We have examined the record carefully, and are satisfied that the evidence is not so greatly and palpably against the finding as to justify this court in reversing the order of the trial court.

The issue of fraud, which was tendered in the pleadings and litigated in the court below, is not discussed in the appellant's brief, and cannot be considered.

The evidence which the plaintiff claimed would show that one share of stock was issued without consideration was properly excluded, because, even if true, it would not render the stock invalid. It appears, however, that, even if the facts were as alleged by defendant, they were known to the defendant, and the right to refuse to carry out the contract by reason thereof was waived.

The order of the trial court is therefore affirmed.